# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARK DOUGLAS BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV794 |
| | ) | |
| DADMA LYDIA DIAZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1), filed in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's Application (Docket Entry 1) for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolousness, failure to state a claim, and seeking monetary relief against immune defendants.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

As to the second ground, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely

2

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[1]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under the Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some

---

[1] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

3

cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

## **ANALYSIS**

Plaintiff's Complaint presents a list of grievances with Defendants in a conclusory and sometimes incoherent fashion. (See Docket Entry 2 at 2-3.) Plaintiff's allegations appear to stem from actions taken against him by Defendants in state court. (See id.) Although the Court "cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff," Simon v. Shawnee Corr. Ctr., No. 13-521-GPM, 2013 WL 3463595, at *1 (S.D. Ill. July 9, 2013) (unpublished), the Court understands Plaintiff to allege: a civil conspiracy to deprive him of his constitutional rights actionable under 42 U.S.C. § 1983, unequal protection of the laws by gender discrimination actionable under 42 U.S.C. § 1983, violations of the Americans with Disabilities Act ("ADA") (including a failure to accommodate a disability claim), civil perjury, and damages for his unconstitutional conviction. (See Docket Entry 2 at 2-3.) The Court should dismiss Plaintiff's claims for frivolousness, failure to state a claim, and seeking monetary relief against immune defendants.

A. Frivolousness

Plaintiff's Complaint suffers from both factual and legal frivolousness. Factually, Plaintiff alleges delusional and baseless claims. For example, Plaintiff states that Defendant

4

District Attorney Newton uses "unconstitutional practices to get new clients in her office." (Docket Entry 2 at 3.) As a District Attorney, Defendant Newton represents only the State of North Carolina. See N.C. Gen. Stat. § 7A-61. Further, the Complaint reflects an unsupported everyone-is-out-to-get-me mentality by Plaintiff. (See Docket Entry 2 at 2-3). As for legal frivolousness, aside from the reasons for dismissal for failure to state a claim listed in part B, Plaintiff states another inapplicable theory for recovery. Plaintiff includes in his Complaint a line stating "Extreme Res Ipsa Loquitur." (Docket Entry 2 at 3.) The doctrine of Res Ipsa Loquitur allows a fact finder to infer negligence from the mere occurrence of an accident. Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 17 (2010). This doctrine has no bearing on the current case. In sum, Plaintiff's Complaint fails for factual and legal frivolousness.

B. Failure to State a Claim

   i. Section 1983 Civil Conspiracy

A civil conspiracy under Section 1983 requires that Plaintiff prove (1) Defendants acted jointly in concert, (2) that some overt act was done in furtherance of the conspiracy, and (3) the conspiracy resulted in the deprivation of a constitutional right. See Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). Courts can consider a private party acting in concert

with state officials in a conspiracy as acting under color of law for Section 1983 actions - even if the state officials have immunity. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

Here, Plaintiff appears to allege that all Defendants participated in a conspiracy to deprive him of his constitutional rights. However, Plaintiff does not articulate what constitutional right Defendants violated in their conspiracy. Moreso, Plaintiff's claim of a conspiracy reads as nothing more than a "defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678. Plaintiff's allegations of a conspiracy consist of conclusory statements unsupported by factual allegations. (See Docket Entry 2 at 2-3.) The Complaint repeats statements that Defendants participated in a conspiracy but does not offer any supporting factual statements. (Id.) Plaintiff's Complaint, therefore, fails to sufficiently allege the existence of a conspiracy, and the Court should dismiss the claim.

### ii. Equal Protection Violation for Gender Discrimination

> To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Here, Plaintiff makes conclusory and factually unsupported claims that his prosecution occurred due to "extreme gender bias." (Docket

6

Entry 2 at 3.) Plaintiff, though, does not allege how Defendants treated him differently because of his gender. (See id. at 2-3.) Therefore, Plaintiff has failed to allege the necessary elements, and the Court should dismiss the claim.

    iii.  <u>The ADA and Failure to Accommodate</u>

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Fourth Circuit has explained that to establish a violation of the ADA, Plaintiff must allege that "(1) he has a disability, (2) he is otherwise qualified to participate in the [public benefit], and (3) he was excluded from the [public benefit] on the basis of his disability." <u>Halpern v. Wake Forest Univ. Health Scis.</u>, 669 F.3d 454, 461 (4th Cir. 2012) (footnote omitted). Plaintiff's disability must constitute a "motivating cause" of the exclusion from the public benefit. <u>Id.</u> at 462. Public entities must also provide reasonable accommodations to qualified disabled individuals so that they may "'have access to and take a meaningful part in public service.'" <u>McElwee v. County of Orange</u>, 700 F.3d 635, 641 (2d Cir. 2012) (quoting <u>Powell v. National Bd. of Med. Exam'rs</u>, 364 F.3d 79, 85 (2d Cir. 2004)).

Here, Plaintiff has not adequately pled that he has a disability. Plaintiff only states that "Judge Hammonds [sic] committed fraud on the court didn't accomodate [sic] disability in court. ADA act," and that Defendant Siler "omitt[ed] disability in court[.]" (Docket Entry 2 at 2.) Plaintiff provides no factual support for the type or nature of his disability. (See id. at 2-3.) Furthermore, Plaintiff has not alleged how Defendants excluded him from any public benefit. (See id.) Plaintiff fails to state an ADA violation or a failure-to-accommodate claim, and the Court should dismiss the claims.

### iv. Civil Perjury

North Carolina does not recognize a civil cause of action for perjury. Hawkins v. Webster, 78 N.C. App. 589, 591, 337 S.E.2d 682, 684 (1985). Nor can this Court find any federal basis for a separate civil cause of action for perjury. To the extent Plaintiff attempts to allege a civil cause of action for perjury against Defendants, that claim fails because no such cause of action exists. Therefore, the Court should dismiss the claim.

### v. Challenge to His Conviction

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

8

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Here, to the extent Plaintiff seeks compensation for his alleged unconstitutional conviction, he has not demonstrated that he has met the requirements of Heck. Therefore, the Court should dismiss the claim.

C. Immunity

Although Plaintiff has failed to state a claim against any Defendant, even if he had, judicial, prosecutorial, and witness immunity would bar almost all of Plaintiff's claims.

i. Judicial Immunity

"Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." In re Mills, 287 F. App'x. 273, 279 (4th Cir. 2008) (emphasis added). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). To determine whether an action constitutes a "judicial act" protected by judicial immunity, the Court must consider "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." King v. Myers, 973 F.2d 354, 357 (4th Cir. 1992).

Plaintiff details his claims against Defendants Judge Hammond and Judge Joe in three parts. Plaintiff states, first, "Judge Hammonds [sic] committed fraud on the court didn't accomondate [sic] disability in court. ADA act[.]" (Docket Entry 2 at 2.)

9

Second, "Judg[e] Regina M. Joe: orastrated [sic] the whole unconstitutional process giving plaintiff advice violation of Cannon 3 c ii." (Id.)[2] Last, "D.A. Kristy M. Newton conspir[ed] with Judge Regina M. Joe for conviction. Honorable violated Cannon 3 c ii giving advice to go criminal." (Id. at 3.) Even in the light most favorable to the Plaintiff, Plaintiff's allegations entitle Defendants Judge Hammond and Judge Joe to judicial immunity as Plaintiff's allegations relate to judicial acts.

Plaintiff first claims that Defendant Judge Hammond failed to accommodate Plaintiff's alleged disability in court. However, Defendant Judge Hammond's refusal to accommodate Plaintiff's disability constitutes exercising control over the courtroom, i.e., a judicial act protected by judicial immunity. See Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (upholding summary judgment on judicial immunity grounds for a judge who did not accommodate the plaintiff's disability in court). Plaintiff's second claim, that Defendant Judge Joe allegedly orchestrated the whole unconstitutional process and/or gave Plaintiff advice, also

---

[2] North Carolina does not have a "Cannon [sic] 3 c ii." However, North Carolina has adopted Canon 3(C)(1)(d)(ii), which requires disqualification of a judge if, "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: [i]s acting as a lawyer in the proceeding." *Order Adopting Amendments to the North Carolina Code of Judicial Conduct*, http://www.aoc.state.nc.us/www/public/aoc/NCJudicialCode.pdf (last visited Oct. 15, 2014). Plaintiff thus may contend that, by giving advice, Defendant Judge Joe improperly acted as a lawyer in the proceeding(s).

10

qualifies as a judicial act. Any control Defendant Judge Joe exercised over the proceedings must have occurred in her judicial capacity. Further, in order to violate Canon 3(C)(1)(d)(ii) Defendant Judge Joe must have acted as the judge in the proceeding - meaning, Plaintiff's allegations demonstrate that he interacted with her in her judicial capacity, and thus enjoyed protection by judicial immunity. Plaintiff's third claim, that Defendants Newton and Judge Joe conspired for Plaintiff's conviction, also concerns a judicial act subjected to judicial immunity. See Ashelman v. Pope, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

Plaintiff's claims against both Defendants Judge Hammond and Judge Joe arose in the context of judicial acts and, therefore, judicial immunity precludes such claims. Accordingly, the Court should dismiss such claims under Section 1915(e)(2)(B)(iii).

ii. Prosecutorial Immunity

Prosecutors enjoy absolute immunity from Section 1983 claims for "activities 'intimately associated with the judicial phase of the criminal process . . . .'" Ostrzenski v. Seigel, 177 F.3d 245, 250 (4th Cir. 1999) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Plaintiff alleges that "DA Kristy M. Newton: conccoted [sic] the birth of a child, and ADA Candace commit [sic] conspiracy

11

and subordination of perjury and ommit [sic] disability in courts. Submitted the wrong criminal background check to judge. misrepresentation [sic] [.]" (Docket Entry 2 at 2.) Second, Plaintiff asserts that "D.A. Newton seen proof and evidence of perjury and didn't take any legal action." (Id. at 3.) Third, Plaintiff complaints of "ADA Siler hiding file on 8/24/2011 ommitting [sic] disability in court on 9/21/11 and 8/24/11[.]" (Id.) Finally, Plaintiff alleges that "D.A. Kristy M. Newton conspiring with Judge Regina M. Joe for conviction. . . . D.A. Newton has knowledge of perjury and did nothing." (Id.)

Prosecutorial immunity precludes Plaintiff's claims. Plaintiff's allegations demonstrate that Defendants Newton and Siler's activities were "intimately associated with the judicial phase of the criminal process," Imbler, 424 U.S. at 430. In each allegation, Defendants Newton and Siler's purported actions relate to actions taken in Plaintiff's criminal case - the presentation of perjured testimony, the suppression of evidence, or conspiring to obtain a conviction (see Docket Entry 2 at 2-3) - and courts have held that prosecutorial immunity covers these types of claims, see Imbler, 424 U.S. at 431 (finding prosecutorial immunity applied to defendant prosecutor who knowingly used false testimony in a criminal case); Cousin v. Small, 325 F.3d 627, 635 (5th Cir. 2003) (holding that prosecutorial immunity precludes a claim for suppression of exculpatory evidence under Section 1983); Dory v.

Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (applying prosecutorial immunity to a defendant prosecutor who had allegedly conspired to present false evidence at a criminal trial); Ashelman, 793 F.2d at 1078 ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). Defendants Newton and Siler's prosecutorial immunity precludes Plaintiff's Section 1983 claims. In sum, Plaintiff has sought monetary relief against Defendants who are immune from such relief and thus the Court should dismiss those claims.

### iii. Witness Immunity

A witness has absolute liability from a subsequent lawsuit under Section 1983 alleging perjury. Briscoe v. LaHue, 460 U.S. 325, 333-34 (1983). Plaintiff alleges that Defendant Diaz "committed conspiracy, perjury about the timeline. Didn't reveal knowledge of a possible mental defect or birth of child in 2010 possibly by me." (Docket Entry 2 at 2.) Plaintiff does not explicitly state that Defendant Diaz perjured herself by testifying in court, but Defendant Diaz would have immunity from any such Section 1983 claim. Briscoe, 460 U.S. at 333-34. If Defendant Diaz did not testify in court, then the claim would still fail for the reasons stated in part B(i) above. The Court therefore should dismiss the claim.

**CONCLUSION**

Plaintiff has demonstrated eligibility for proceeding in forma pauperis; however, the Court should dismiss his Complaint under § 1915(e)(2)(B) for frivolousness, failure to state a claim, and seeking monetary relief from immune defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 22, 2014