IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK DOUGLAS BROOKS,            )
                                )
        Plaintiff,               )
                                )
        v.                       )          1:14CV794
                                )
CANDACE E. SILER, et al.,        )
                                )
        Defendants.              )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for an initial review of Plaintiff's pro se Amended Complaint (Docket Entry 7).[1] The undersigned previously reviewed Plaintiff's original Complaint and recommended dismissal (see Docket Entry 4); however, during the pendency of review by the assigned United States District Judge, Plaintiff submitted his Amended Complaint and the Court (per United States District Judge Thomas D. Schroeder) remanded the matter to the undersigned for further review. The undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolousness and failure to state a claim.

---

[1] Plaintiff currently has the right to amend his pleadings once as a matter of course, see Fed. R. Civ. P. 15(a)(1), so the undersigned will accept Plaintiff's Amended Complaint.

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256 ("The word frivolous is inherently

2

elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

As to the second ground, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[2]

---

[2] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

**ANALYSIS**

Plaintiff's Amended Complaint stems from actions - or inaction - by Defendants during Plaintiff's state criminal trial. (See Docket Entry 7.) More specifically, the Amended Complaint alleges violations of: (1) 42 U.S.C. § 1983 (id. at 4-5); (2) the North Carolina Persons with Disabilities Protection Act ("PDPA") (id. at 5); and (3) Title II of the Americans with Disabilities Act ("ADA") (id. at 6-7).[3] The Amended Complaint frivolously attempts to bring claims past the statute of limitations and fails to state a claim against Defendants.

A. Frivolousness

The Court should dismiss Plaintiff's ADA/Rehabilitation Act and PDPA claims as frivolous because Plaintiff filed the claims outside of the two-year statute of limitations. Neither Title II of the ADA nor the Rehabilitation Act provide a statute of limitations. See Mary's House, Inc. v. North Carolina, 976 F. Supp. 2d 691, 699 (M.D.N.C. 2013). Accordingly, the Fourth Circuit has instructed courts to use the most analagous state-law claim's

---

[3] The Amended Complaint states that Plaintiff also brings this action under Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. § 794. (Docket Entry 7 at 1.) However, Plaintiff did not set out a separate count for this claim as he did others. (See id. at 4-7.) Nevertheless, given Plaintiff's pro se status, the undersigned will assume Plaintiff included it within the ADA claim given the similarities of the two statutes. See Baird v. Rose, 192 F.3d 462, 468-69 (4th Cir. 1999) (noting the similarities of the two statutes except for the analysis of causation).

statute of limitations. A Soc'y Without A Name v. Virginia, 655 F.3d 342, 347 (4th Cir. 2011). This Court (per Judge Schroeder) has previously deemed PDPA, N.C. Gen. Stat. 168A, the most analgous state-law claim in this context; thus, establishing a two-year statute of limitations for non-employment ADA and Rehabilitation Act claims. Mary's House, Inc., 976 F. Supp. 2d at 699. Under federal law, a claim accrues when "the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (quoting A Soc'y Without A Name, 655 F.3d at 348). Under North Carolina law, a claim accrues when the plaintiff has the right to file suit. See Willets v. Willets, 254 N.C. 136, 145, 118 S.E.2d 548, 554 (1961). A court can dismiss a claim as frivolous if it violates the applicable statute of limitations. See Nasim, 64 F.3d at 956 (upholding dismissal of time-barred claim as frivolous).

In this case, Plaintiff alleges that, on September 21, 2011, Defendant Judge Hammond and Defendant Siler denied Plaintiff's request for reasonable accomodations in his court case. (Docket Entry 7 at 4.) Therefore, Plaintiff's ADA/Rehabilitation Act and PDPA claims accrued on that date. According to the file-stamp by the Clerk's office, Plaintiff filed his instant action on September 16, 2014. (Docket Entry 2 at 1.) Thus, Plaintiff filed his case almost one year after the statute of limitations expired. Accordingly, the Court should dismiss Plaintiff's ADA/Rehabilitation Act and PDPA claims for frivolousness.

5

B. Failure to State a Claim

The Court should dismiss Plaintiff's Section 1983 claim for failure to state a claim.[4] To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person</u> acting under the color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The Fourth Circuit has long held that North Carolina District Attorneys qualify as state officials. See Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006). Similarly, this Court (per Senior United States District Judge Beaty, adopting the recommendation of United States Magistrate Judge Joe L. Webster) has held that North Carolina state-court judges also qualify as state officials. Warren v. Bray, No. 1:13CV1144, 2014 WL 3404962, at *5 (M.D.N.C. July 10, 2014) (unpublished), recommendation adopted, slip op. (Docket Entry 31) (M.D.N.C. Sept. 9, 2014).

Here, Plaintiff seeks recovery from Defendants Siler and Newton (attorneys for the Hoke County District Attorney's office),

---

[4] In addition, the Court should dismiss the Section 1983 claim against Defendant Newton because Plaintiff does not make any pertinent allegations regarding Defendant Newton. To the extent Plaintiff implicitly relies on Defendant Newton's mere supervisory role, that argument fails. See Iqbal, 556 U.S. 662, 676-77 (2009).

6

and Defendant Judge Hammond (a district court judge) solely in their official capacities. (See Docket Entry 7 at 2-3 ("Defendant [Hammond] is sued in his official capacity as judge. . . . Defendant [Siler] is sued in her official capacity as prosecutor for 16A prosecutorial district. . . . [Defendant Newton] is being sued in her official capacity.").) As "master of his complaint," Standard Fire Ins. Co. v. Knowles, __ U.S. __, __, 133 S. Ct. 1345, 1350 (2013), Plaintiff specifically and explicitly elected to sue Defendants only in their official capacities. Accordingly, all Defendants in this case qualify as state officials, and, as such, Plaintiff cannot use Section 1983 to sue Defendants. Therefore, the Court should dismiss Plaintiff's Section 1983 claim for failure to state a claim.[5]

---

[5] Plaintiff also seeks injunctive relief from Defendants, which Section 1983 allows against defendants in their official capacity. See Will, 491 U.S. at 71 n.10. However, to obtain injunctive relief, Plaintiff must allege an ongoing violation of federal law. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010). In this case, although Plaintiff requests "[a]n order enjoining/restraining Defendants from further acts of discrimination or retaliation," (Docket Entry 7 at 7), he does not allege any facts suggesting the existence of a threat of ongoing retaliation or discrimination. Further, Plaintiff's additional request of "[a]n Order [f]or Defendant[] Newton[] to respond to inquiries concerning misconduct of supervised employees" (id.) does not represent a proper form of injunctive relief.

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint (Docket Entry 7) be dismissed for frivolousness and failure to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 9, 2015